IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | CRIMINAL CASE NO. 19-CR-365 |
| § | |
| MAKSYM NIENADOV, § | |
| § | |
| Defendant. § | |

**ORDER ON MOTION FOR SENTENCE REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

The defendant, Maksym Nienadov, has moved again for a reduction in his sentence based on compassionate release. He has presented evidence of the extraordinary hardship his continued confinement presents for his family, victims of the Ukraine war. He has also presented evidence of his own circumstances that support the relief he seeks. Based on 18 U.S.C. § 3582(c)(1)(A), the applicable factors set out in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission, the motion is granted.

The court previously imposed a sentence of 71 months of imprisonment on each of Counts 8S and 11S. No term of supervised release was imposed because the defendant had no legal status in the United States and was facing deportation proceedings following his prison sentence. This sentence was an upward departure from the 51 to 63 month guideline range.

The defendant is presently 43 years old. He asserts in his motion that, as a result of the ongoing military operations in his native country of Ukraine, he intends to pursue an asylum claim to remain in the United States following his release from imprisonment. The defendant has been denied the approximately 11 months of time credits that would apply under the First Step Act if he had been assessed a term of supervised release.

The defendant is currently housed at Federal Correction Institution II Oakdale in Oakdale, Louisiana.  He has been assessed at a "low" security level.  He has been in continuous custody since April 17, 2019, and has served over 49 months of his sentence.  He has a projected release date of May 3, 2024, based on the good time credits applied towards his sentence so far.  As noted above, he has the potential to receive an additional 11 months of time credits under the FSA that are not currently applied towards his sentence, because he is not subject to a term of supervised release.  The defendant has had no disciplinary incidents while in custody. The BOP records reflect the defendant has completed 66 hours of education programs.

To qualify for relief, the defendant must show he has met the procedural and jurisdictional requirements, extraordinary and compelling reasons warrant such a reduction, and such a reduction is appropriate after considering any applicable policy statements issued by the Sentencing Commission, and the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. The defendant has met the procedural and jurisdictional requirements.  There are currently no applicable policy statements governing motions filed by defendants under USSG §1B1.13.  The United States Sentencing Commission has promulgated new and expanded policy statements that were submitted to Congress on April 27, 2023, and will likely become effective on November 1, 2023.  Among the amendments was the expansion of the Family Circumstances of the Defendant portion addressing the incapacitation of a family member or caregiver, and inclusion of an Other Reasons section, which clarifies extraordinary and compelling reasons exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [incapacitation of care givers], are similar in gravity to those described in paragraphs (1) through (4)."

As to the sentencing factors under 18 U.S.C. § 3553(a), in the instant offense, the defendant and a codefendant engaged in an ongoing conspiracy to purchase prescription medications for the treatment of cancer and hepatitis from illicit sources in Ukraine, repackage them in counterfeit boxes, and to sell them to customers in the United States and other countries. The defendant's criminal history reflects a pattern of conduct similar to the instant offense with two prior foreign convictions for illegally producing, making, purchasing, storing, transporting, or sending narcotics, psychotropic substances, or their analogues.

Considering the circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant, the court orders that his sentence be reduced by one month, to 70 months of imprisonment, with the imposition of one year of supervised release. This reduction and imposition of a term of supervised release should make the defendant eligible for the additional 11 months of time credits towards his sentence under the FSA. This reduction and the expected assessment of additional credits that other similarly situated defendants can earn, but are denied to the defendant, should result in the defendant being released almost immediately.

Inclusion of special conditions of supervision for placement at a Residential Reentry Center for up to 180 days upon release is required because there is not a plan on file or in place for his post-release location. Additional special conditions for complying with immigration authorities are also provided.

The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where he will be released because it was not included in the motion for sentence reduction.

Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of supervised release of ONE (1) YEAR as to each of Counts 1S, 2S, 8S, and 11S, to be served concurrently, for a total of ONE (1) YEAR.

The conditions of the "special term" of supervision are as follows:

1. **MANDATORY CONDITIONS**

    You must not commit another federal, state or local crime.

    You must not unlawfully possess a controlled substance.

    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    You must cooperate in the collection of DNA as directed by the probation officer.

    You must comply with the standard conditions that have been adopted by this Court under General Order No. 2017-01, as well as with any other conditions on the attached page.

2. **STANDARD CONDITIONS OF SUPERVISION**

    As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

You must answer truthfully the questions asked by your probation officer.

You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated

circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

You must follow the instructions of the probation officer related to the conditions of supervision.

If restitution is ordered, the defendant must make restitution as ordered by the Judge and in accordance with the applicable provisions of 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663A and/or 3664. The defendant must also pay the assessment imposed in accordance with 18 U.S.C. § 3013.

The defendant must notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

3.     **SPECIAL CONDITIONS OF SUPERVISION**

You are required to participate in a community treatment center, halfway house or similar facility for a period of up to 180 days, beginning upon release from imprisonment and/or at a date and time determined by the probation officer.

You must immediately report, continue to report, or surrender to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter. If you reenter the United States, you must report to the nearest probation office within 72 hours after you return.

You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

SIGNED on June 22, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge